104 F.3d 362
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Clinton SATTERFIELD, Plaintiff-Appellant,
v.
Gary McCAUGHTRY, et al., Defendants-Appellees.
 No. 95-3832.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 25, 1996.*
Decided Dec. 18, 1996.
 
 Before POSNER, Chief Judge, and MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Clinton Satterfield brought this § 1983 action against various prison officials and employees at the Waupun Correctional Institute alleging that they violated his Fourteenth Amendment procedural due process rights by keeping him in adjustment segregation longer than permitted by Wisconsin Administrative Code § DOC 303.69(1).[1] The district court granted Defendants's motion for summary judgment, and this appeal followed. We affirm the judgment of the district court, but on different grounds.
 
 
 2
 While incarcerated at the Waupun Correctional Institute, Satterfield was involved in an altercation with a prison security officer. After a disciplinary hearing, he was found guilty and ordered to serve eight days in adjustment segregation and 360 days in program segregation.[2] Satterfield alleged that he was kept in adjustment segregation for approximately 45 days in violation of Wis.Admin.Code § DOC 303.69, and that § DOC 303.69 creates a liberty interest in being free from adjustment segregation after eight days.
 
 
 3
 When determining whether a state statute creates a liberty interest protected by the Due Process Clause, the Supreme Court recently held that the mandatory nature of statutory language is no longer determinative.[3] Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). Rather, the focus of the liberty interest inquiry is the nature of the deprivation. See id. at 2299; see also Williams v. Ramos, 71 F.3d 1246, 1249 (7th Cir.1995) (Sandin "shifts the creation of liberty interests away from the language of regulations and toward the nature of the deprivation a prisoner suffers."). Thus, the inquiry turns on whether the deprivation "while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 115 S.Ct. at 2300 (citations omitted).
 
 
 4
 Here, even assuming as we must that Satterfield could prove he was kept in adjustment segregation for 45 days in violation of Wis.Admin.Code § DOC 303.69(1), this would not establish a due process violation under Sandin. At most, Satterfield was deprived of smoking privileges, having some personal belongings in his cell, and the ability to obtain approved items from the canteen. Even if the circumstances of Satterfield's confinement violated Wisconsin law, the deprivation of these minimal benefits "d[id] not present a dramatic departure from the basic conditions of [Satterfield's disciplinary] sentence," id. at 2301, nor did it "work a major disruption in [Satterfield's] environment." Id. Thus, as in Sandin, the deprivation cannot be said to impose atypical and significant hardships on Satterfield, and he has failed to state a claim under the Due Process Clause.
 
 
 5
 Therefore, the district court's judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Wisconsin Administrative Code § DOC 303.69(1) provides that adjustment segregation may not exceed eight days
 
 
 [2]
 When in adjustment segregation prisoners may keep only necessities, legal materials and mail received during segregation in their cells; only one prisoner is kept in each cell; and prisoners may not leave their cells except for showers, visits, and in certain emergency situations. Wis.Admin.Code § DOC 303.69. Program segregation is very similar to adjustment segregation: in both types of segregation there is only one prisoner per cell; movement outside cells is limited to showers, visits, and certain emergency situations; and prisoners are ineligible to earn either good time credits or pay. Wis.AdminCode §§ DOC 303.69, 303.70. However, prisoners in program segregation may smoke, may keep a wider array of personal property in their cells, and may have approved items brought to them from the canteen--they may not go to the canteen in person. Wis.Admin.Code § DOC 303.70
 
 
 [3]
 In the district court, Defendants argued that Satterfield's suit should be dismissed for failure to state a claim under the then-recently decided case Sandin v. Conner, 115 S.Ct. 2293 (1995). (R. 68 at 3-6.) Satterfield argued against the Defendants' proposition. (R. 71 at 1-3.) The district court did not resolve the question. Defendants did not renew their Sandin assertion in their brief to us, and ordinarily it would therefore be waived. See Harris v. City of Marion, 79 F.3d 56, 59 (7th Cir.1996) (claims not addressed in appellate brief are waived). However, an exception to this general rule exists where the question implicates comity issues. See ACORN v. Edgar, 56 F.3d 791, 796-97 (7th Cir.1995) ("When the ground [waived] involves the relation between governments, including the relation between the federal government and the states, the appellate court may invoke it on the court's own initiative."); Pittman v. Chicago Bd. of Educ., 64 F.3d 1098, 1101 (7th Cir.1995) ("[O]ne of the exceptions to the principle of waiver ... concerns the interest in maintaining harmonious relations between the states and the federal government ('comity')."). The exception clearly applies in this case where the question waived is whether Wisconsin intended to create a liberty interest protected by the Due Process Clause and enforceable in federal court when it enacted § DOC 303.69(1)